IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT BLAKE                                                                                              PLAINTIFF

vs.                                           Civil No. 6:20-cv-06053

COMMISSIONER, SOCIAL                                                                          DEFENDANT
SECURITY ADMINISTRATION

### MEMORANDUM OPINION

Robert Blake ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 9.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his application for DIB on September 9, 2016 and for SSI on November 1, 2013. (Tr. 326-341). In these applications, Plaintiff alleges being disabled due to

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 16. These references are to the page number of the transcript itself not the ECF page number.

1

neck pain, numb arm and leg, anxiety, depression, and irritable bowel syndrome (IBS). (Tr. 396). Plaintiff alleges an onset date of November 22, 2013. *Id.* These applications were denied initially and again upon reconsideration. (Tr. 85-160).

On September 4, 2018, the ALJ issued a decision finding Plaintiff not disabled at step five of the sequential evaluation process (Tr. 161-180). On May 7, 2019, the Appeals Council remanded the case for further proceedings and a new decision of whether Plaintiff was disabled. (Tr. 181-185).

Following remand, on September 11, 2019, Plaintiff had an administrative hearing on his denied applications. (Tr. 33-84). At this hearing, Plaintiff was present and was represented by counsel, Terry Diggs. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.*

On October 21, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 11-26). In this decision, the ALJ determined Plaintiff met the insured status of the Act through December 31, 2016. (Tr. 14, Finding 1). The ALJ also determined the Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 22, 2013. (Tr. 14, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine status post fusion, degenerative disc disease of the lumbar spine, IBS, pancreatitis, depression, anxiety, and alcohol abuse. (Tr. 14, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that

met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 17-24, Finding 5). Specifically, the ALJ found Plaintiff retained the RFC to perform light work except occasional climbing, stooping, crouching, kneeling, and crawling, and limited ability to reach and handle overhead. *Id*. The ALJ further limited Plaintiff's RFC to unskilled, rote activities; understand, remember, and follow concrete instructions; and superficial contact with supervisors, coworkers, and the public, meaning that Plaintiff can meet, greet, make change, and give simple instructions and directions. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was not capable of performing his PRW. (Tr. 24, Finding 6). However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 25, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) cafeteria attendant with approximately 140,000 jobs in the nation and (2) cleaner with approximately 220,000 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been disabled from November 22, 2013 through the date of the decision. (Tr. 26, Finding 11).

On April 2, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On May 11, 2020, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 21-22. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ failed to fully develop the record by failing to comply with the Remand Order, (2) the ALJ erred in assessing his subjective complaints, and (3) the ALJ erred in his Step 5 determination. ECF No. 21.  Because the Court finds the ALJ erred in failing to fully develop the record, the Court will only address this argument for reversal.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel.  If a physician's report of a claimant's limitations are stated only generally,

4

the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ erred by failing to fully develop the record by failing to comply with the Remand Order. ECF No. 22, Pgs. 3-7. The Appeals Council remanded this matter for determination of whether Plaintiff was illiterate. (Tr. 181-185). Upon remand, the ALJ was to obtain additional evidence concerning the Plaintiff's impairments; further evaluate his allegations that he is unable to read or write; and determine whether he is illiterate as defined under the rules and regulations. *Id.*

Pursuant to 20 C.F.R. § 404.1564(b)(1) illiteracy means the inability to read or write. Someone is considered illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name, and generally, an illiterate person has had little or no formal schooling. *Id.* In this matter the evidence was that Plaintiff only completed the 11th grade and much of that was special education. The ALJ, in

finding Plaintiff literate, indicated Plaintiff could shop alone, read road signs, count money, could read and write small words like dog and cat, and could spell his name. (Tr. 49-51). The ALJ did not seek any additional testing to evaluate Plaintiff's alleged illiteracy.

The administrative record does not contain sufficient evidence regarding Plaintiff's ability to read, and the evidence is insufficient to support the ALJ's conclusion that Plaintiff is functionally literate. Thus, considering these facts, the Court finds the record is not fully developed. The ALJ has the duty to develop the record in this case. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004) (recognizing "[w]ell-settled precedent confirms that the ALJ bears the responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case").

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of May 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE